UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD D. DAVIS,                 )
    Petitioner,              )
                        )
    v.                       )        C.A. No. 11-10694-MLW
                        )
GARY R. RODEN,                   )
    Respondent.              )

MEMORANDUM AND ORDER

WOLF, D.J.                                      March 29, 2013

I.   INTRODUCTION

On April 22, 2011, Edward D. Davis, pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Davis pled guilty on November 18, 2002, before a judge of Hampden Superior Court of the Commonwealth of Massachusetts, to multiple charges and was sentenced to several concurrent terms of imprisonment of at least ten years.[1] He is currently incarcerated at MCI-Norfolk. He seeks habeas relief on the ground that his guilty plea was not knowing and intelligent, a claim he raised unsuccessfully in a motion for a new trial filed in 2009 in Hampden Superior Court. On July 13, 2011, respondent Gary R. Roden filed a Motion to Dismiss on the ground that the Petition is time barred under 28 U.S.C. §2244(d)(1), the statute of limitations governing federal habeas

---

[1] Davis also was sentenced to lifetime community parole. The Massachusetts Appeals Court vacated that sentence. See Commonwealth v. Davis, 78 Mass. App. Ct. 1119, 1119 (2011) (No. 09-P-1464).

relief (the "Motion to Dismiss"). Davis opposed the Motion to Dismiss.

As described below, the court finds that the one-year §2244(d)(1) statute of limitations expired on December 18, 2003, nearly eight years before Davis filed his Petition, and that the doctrine of equitable tolling does not apply. Therefore, the Motion to Dismiss is being allowed and the Petition is being dismissed. The court also notes that it appears that the Petition is unmeritorious in any event.

II. FACTS AND PROCEDURAL BACKGROUND

On November 18, 2002, before Judge Peter Velis of Hampden Superior Court, Davis pled guilty to multiple charges, including: three counts of aggravated rape, two counts of assault and battery with a dangerous weapon, two counts of indecent assault and battery on a person fourteen or older, and one count of kidnapping.[2] See State Court Docket Entry No. 17 (Docket No. 9-1). The judge accepted the plea. See id. Entry No. 18. On January 31, 2003, Davis was sentenced. See id. Entry No. 24.

More than six years later, on April 21, 2009, Davis filed a motion for new trial pursuant to Rule 30(b) of the Massachusetts Rules of Criminal Procedure (the "Rule 30(b) Motion"), seeking to have his guilty plea withdrawn. See id. Entry No. 37. Davis

---

[2] In his Petition, Davis states that he also was convicted of one count of "Lewd and Lascivious Behavior." However, this count does not appear in the Appeals Court's opinion, the state court docket, or any other filing with this court.

argued, among other things, that his plea was not intelligent and voluntary because neither the judge nor his attorney advised him that he could be committed as a sexually dangerous person for one day to life under Mass. Gen. Laws c. 123A.   See Commonwealth v. Davis, 78 Mass. App. Ct. 1119 (2011) (No. 09-P-1464).   On May 5, 2009, Judge Velis denied that motion.   See State Court Docket Entry No. 38.  On May 18, 2009, Davis filed a notice of appeal.   See id. Entry No. 39.

On January 11, 2011, the Massachusetts Appeals Court affirmed the trial court's denial of Davis's Rule 30(b) Motion.[3]   Davis, 78 Mass. App. Ct. at 1119 (No. 09-P-1464).   Davis filed an application for further appellate review ("FAR") with the Massachusetts Supreme Judicial Court (the "SJC").   On March 2, 2011, the SJC denied his application.   See Commonwealth v. Davis, 459 Mass. 1105 (2011).

On April 22, 2011, Davis filed the instant Petition.   The sole ground for habeas relief asserted in the Petition is that the judge did not advise him that after serving his sentence he could be committed as a sexually dangerous person for one day to life under Mass. Gen. Laws c. 123A.   See Petition ¶12.   Davis claims that the judge's alleged failure to so advise him violated his rights to equal protection and due process under the Fifth and Fourteenth Amendments to the United States Constitution.   See id.

---

[3] The court also vacated Davis's sentence and remanded for re-sentencing on an unrelated issue.   See Davis, 78 Mass. App. Ct. at 1119 (No. 09-P-1464).

On July 13, 2011, the respondent filed the Motion to Dismiss on the ground that the Petition became time barred pursuant to 28 U.S.C. §2244(d)(1)(A), when Davis failed to file it within one year of his guilty plea.  See Resp. Mot. to Dismiss, at 1.  Respondent argues that when a criminal defendant pleads guilty in state court, the one-year statute of limitations begins to run from the date of the plea.  Therefore, the respondent asserts, Davis had until November 18, 2003, to file his Petition.  See Resp. Mem. in Supp. of Mot. Dism., at 4.

On August 4, 2011, Davis filed an opposition.  He argues that the one-year statute of limitations did not begin to run until the SJC denied his FAR application regarding the Rule 30(b) Motion. See Pet.'s Opp. at 11.  Therefore, Davis contends that he had until March 2, 2012 to file his Petition.  See Petition ¶18. Alternatively, Davis seems to suggest that the court should apply the doctrine of equitable tolling because he sought unsuccessfully to obtain transcripts of his guilty plea from the court reporter's office as early as May 27, 2003.

III. DISCUSSION

A. Statute of Limitations

Petitions pursuant to 28 U.S.C. §2254 are governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  See David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003).  AEDPA provides that, "[a] 1-year

period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court."  28 U.S.C. §2244(d)(1).  This 1-year limitation period serves the "well-recognized interest in the finality of state court judgments." Duncan v. Walker, 533 U.S. 167, 179 (2001); accord Mayle v. Felix, 545 U.S. 644, 662 (2005).  As the First Circuit has explained, "[o]ne of AEDPA's main purposes was to compel habeas petitions to be filed promptly after conviction and direct review, to limit their number, and to permit delayed or second petitions only in fairly narrow and explicitly defined circumstances." David, 318 F.3d at 344.  For the purposes of this case, the 1-year statute of limitations runs from the date on which Davis's state court conviction became "final by the conclusion of direct review or the expiration of time for seeking such review." Id. §2244(d)(1)(A).

The statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review" is pending in state court.  Id. §2244(d)(2); Lawrence v. Florida, 549 U.S. 327, 332 (2007).  However, post-conviction or other collateral review under §2244(d)(2) does "not reset the clock on the limitations period . . . but merely stops it temporarily, until the relevant applications for review are ruled upon." Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (citing Cordle v.

<u>Guarino</u>, 428 F.3d 46, 48 n.4 (1st Cir. 2005)); <u>see also</u> <u>Dunker v.</u> <u>Bissonnette</u>, 154 F. Supp. 2d 95, 103 (D. Mass. 2001).

Here, Davis argues that state court review of a Rule 30(b) motion challenging the validity of a guilty plea constitutes part of a defendant's "direct review" and that the statute of limitations, therefore, begins to run from the conclusion of that review under §2244(d)(1)(A).  The respondent asserts that state court review of a Rule 30(b) motion is collateral review and, therefore, the pendency of such a motion can only toll the statute of limitations under §2244(d)(2).

Whether state court review is direct or collateral is determined by reference to a uniform federal rule, although the court must look to how the state procedure functions as a starting point.  <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 531 (2003); <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002); <u>Rodriquez v. Spencer</u>, 412 F.3d 29, 33 (1st Cir. 2005).  In Massachusetts, a criminal defendant has 30 days after the entry of a conviction to file an appeal.  <u>See</u> Mass. R. App. P. 4(b).  A Rule 30(b) Motion constitutes the only method for challenging the validity of a guilty plea.  <u>See</u> <u>Commonwealth v. De La Zerda</u>, 416 Mass. 247, 250 (1993); <u>Commonwealth v. Fernandes</u>, 390 Mass. 714, 715 (1984). Davis did not file any appeal within the 30 days.  Rather, he waited over six years, then filed the Rule 30(b) Motion.

The SJC has characterized Rule 30(b) motions as collateral. See, e.g., Commonwealth v. Lopez, 426 Mass. 657, 662 (1998) ("Rule 30(b) motions, like the motions in this case, filed after conviction and sentencing are considered collateral attacks on final decisions."). However, in De La Zerda, the SJC noted that a Rule 30 motion "might be seen as a direct appeal" when used to challenge a guilty plea because it constitutes the only method for doing so. 416 Mass. at 250. The court, however, explicitly declined to decide the question. Id. ("We need not decide whether, in all instances, a motion for a new trial challenging a guilty plea seeks direct or collateral review, or some hybrid of the two.").

The First Circuit has not yet decided whether a Rule 30(b) motion for a new trial is direct or collateral for purposes of §2244(d)(1), although it has assumed that the motion is collateral. See Holmes v. Spencer, 685 F.3d 51, 57, 59 (1st Cir. 2012); Cordle, 428 F.3d at 48 n.4; David, 318 F.3d at 343; see also Rodriquez, 412 F.3d at 34 ("The normal post-conviction remedy provided by Massachusetts to a convicted criminal defendant seeking further review is a direct appeal; or, once the conviction becomes final after appeal, an individual can file a motion for a new trial under Mass. R. Crim. P. 30.").

This court finds that for the purpose of AEDPA, a state court's review of a Rule 30(b) motion challenging the validity of

a guilty plea constitutes part of a defendant's collateral review and is not a form of direct review. <u>See</u> <u>Seaver v. Spencer</u>, C.A. No. 06-11150-RWZ, 2007 WL 851245, at *3 (D. Mass. March 20, 2007); <u>but see</u> <u>Mack v. Dickhaut</u>, 770 F. Supp. 2d 429, 433-34 (D. Mass. 2011). As explained earlier, AEDPA creates a uniform federal rule. <u>Clay</u>, 537 U.S. at 531; <u>Carey</u>, 536 U.S. at 223. It is permissible, however, to consider how the state procedural rule functions, including state court filing deadlines. <u>See</u> <u>Gonzalez v. Thaler</u>, 132 S. Ct. 641, 655 (2012); <u>Rodriquez</u>, 412 F.3d at 33. In Massachusetts, a Rule 30(b) motion for a new trial can be raised "at any time it if appears that justice may not have been done." Mass. R. Crim. P. 30(b). "There are no time limits for filing a Rule 30 motion, and an individual can file multiple Rule 30 motions." <u>Rodriquez</u>, 412 F.3d at 34. Treating review of such a motion as direct review would undermine AEDPA's purposes of achieving finality and prompt habeas review. <u>See</u> <u>Duncan</u>, 533 U.S. at 179; <u>David</u>, 318 F.3d at 344. Indeed, in the instant case, review of Davis's Rule 30(b) motion was not complete until the SJC denied FAR on March 2, 2011, nearly nine years after Davis pled guilty and was convicted. Federal courts in Michigan have similarly held that, because motions for a new trial and motions to vacate guilty pleas can be raised after a lengthy delay under Michigan law, they are part of collateral, not direct, review for the purpose of AEDPA. <u>See</u> <u>O'Quinn v. Lafler</u>, No. 2:07-15243, 2008

WL 3050401, at *2 (E.D. Mich. July 28, 2008) (citing <u>Wheeler v.</u> <u>Jones</u>, 226 F.3d 656, 659 (6th Cir. 2000)); <u>Paige v. Birkett</u>, No. 05-71917, 2006 WL 273619, at *4 (E.D. Mich. Jan. 31, 2006) (same). The court, therefore, concludes that a Rule 30(b) motion challenging the validity of guilty plea is collateral for purposes of AEDPA.

Davis had 30 days following his guilty plea to appeal the conviction that resulted from his guilty plea. Mass. R. Crim. P. 4(b). Had Davis filed an appeal, it would have constituted his request for "direct review" under AEDPA. <u>See</u> <u>Ocampo v. Roden</u>, No. 12-10402, 2012 WL 6195592, at *2 (D. Mass. Dec. 11, 2012); <u>Hubbard</u> <u>v. Massachusetts</u>, No. 12-10206-FDS, 2012 WL 5398538, at *3 (D. Mass. Nov. 1, 2012); <u>McCarroll v. Massachusetts ex rel. Atty. Gen.</u>, No. 09-11018-NG, 2010 WL 3059423 (D. Mass. Aug. 4, 2010). Because Davis did not file a direct appeal, the §2244(d)(1) statute of limitations began to run 30 days after his November 18, 2002 conviction, or on December 18, 2002, which was the "expiration of the time for seeking [direct] review." 28 U.S.C. §2244(d)(1)(A); <u>Thaler</u>, 132 S. Ct. at 653-54. The limitation period expired one year later, on December 18, 2003. <u>See</u> §2244(d)(1)(A). Davis's Petition was not filed until April 22, 2011. It is, therefore, time barred.

Had Davis filed his collateral Rule 30(b) motion before December 18, 2003, the pendency of that motion would have tolled

the statute of limitations under 28 U.S.C. §2244(d)(2). Davis did not file his Rule 30(b) motion until April 21, 2009, after the statute of limitations had already expired. Accordingly, §2244(d)(2) has no effect on the timeliness of the Petition. See Trapp, 479 F.3d at 58-59 (pendency of collateral motion stops statute of limitations temporarily, but does not re-start it).

   B. Equitable Tolling

   The Supreme Court recently confirmed that the doctrine of equitable tolling applies to §2254 habeas proceedings. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). A habeas petitioner has the burden of establishing equitable tolling by showing: (1) that he diligently pursued his rights; and (2) the existence of "extraordinary circumstances" that stood in his way and prevented timely filing. Id.; see also Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004). Davis does not expressly argue equitable tolling, but he does state that he made numerous unsuccessful attempts to obtain the transcript of his guilty plea from the court reporter's office in Hampden Superior Court as early as May 27, 2003, a date within the one-year statute of limitations. Opp. at 3-6. It is appropriate to liberally construe this contention by a pro se petitioner as an argument for equitable tolling. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pro se plaintiff's pleadings should be liberally construed).

Attached to Davis's Opposition are five letters, dated May 27, 2003, October 13, 2003, February 4, 2004, July 6, 2004 and October 21, 2004, that Davis claims he sent to the court reporter's office seeking the transcript of the guilty plea. See Opp. Exhs. B, C, D, E, F.  There is also a letter dated February 11, 2005 that Davis states he sent to Judge Barbara Dortch-Okara as Chief Administrative Justice of the Massachusetts trial courts, requesting the transcript.  Opp. Exh. G.  Davis also argues, and the state court docket reflects, that on May 31, 2006, he filed a motion "to compel guilty plea transcript production," which on September 12, 2006 was allowed by Judge Velis.  See State Court Docket Entry No. 29.  When Davis still did not receive the transcript, he filed a motion to enforce the court's order on February 8, 2007, which again was allowed.  See Opp. at 4; State Court Docket Entry No. 30.  Davis represents that he finally received the transcript on February 20, 2009.  Id.

The court finds that although Davis has shown that he "diligently pursued his rights," he has not shown "extraordinary circumstances" that stood in his way and prevented timely filing under Holland.  See 130 S. Ct. at 2562.  Assuming that Davis was not provided transcripts of his guilty plea until 2009, that fact did not prevent him from timely filing his §2254 petition.  See Donovan, 276 F.3d at 93.  Under Rule 2(c) of the Rules Governing §2254 Cases, all that was substantively required of Davis was to

specify his grounds for relief, state the facts supporting each ground, and state the relief requested. Citation to, or filing of, the transcript or any other state court records, was not necessary. See id.; see also Rule 4 of the Rules Governing §2254 Cases (obligation of respondent, not petitioner, to file relevant parts of transcript).

Moreover, Davis was, of course, present for his guilty plea and, therefore, knew what occurred. He could have timely filed his Petition, and, if necessary, sought leave of the court to obtain discovery under Rule 6 of the Rules Governing §2254 Cases.

As the First Circuit stated when it reviewed a district court's denial of a similar equitable tolling claim in Donovan:[4]

> [T]he petitioner had attended the post-conviction evidentiary hearing and, thus, knew what had transpired at that session. Given the lack of any need for particularity, citation to the transcript was unnecessary in order to allege the grounds for federal habeas relief. It follows that the state court's delay in furnishing the petitioner with the transcript did not establish a basis for equitable tolling.

276 F.3d at 93. Other federal courts have also found that a delay in receiving state court transcripts does not constitute "extraordinary circumstances" entitling a petitioner to equitable tolling. See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir.

---

[4] Although Donovan pre-dates Holland, many Courts of Appeals, including the First Circuit, had held prior to Holland that equitable tolling applies in habeas proceedings, and had applied the "extraordinary circumstances" test. See Holland, 130 S. Ct. at 2560 (citing Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004)).

2001); <u>Chambers v. Mosley</u>, No. 3:04CV504-MHT, 2006 WL 1381855, at *3-5 (M.D. Ala. May 17, 2006) ("The record in this case establishes that Chambers participated in the guilty plea proceedings from which his habeas claims arise. He therefore had either actual or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his convictions and could have presented such claims to this court in a timely filed §2254 petition without access to any documents associated with his Rule 32 petition."); <u>Brown v. Cain</u>, 112 F. Supp. 2d 585 (E.D. La. 2000); <u>Fadayiro v. United States</u>, 30 F. Supp. 2d 772, 779-80 (D.N.J. 1998). Under <u>Holland</u>, this court may look to these cases for guidance, with an awareness that each case is unique. <u>See</u> 130 S. Ct. at 2563. Having done so, the court finds that Davis has not shown that equitable tolling is justified in this case because the delay in obtaining transcripts of his guilty plea proceeding does not constitute the "exceptional circumstances" required by <u>Holland</u>.

   C. <u>Potential for Civil Commitment as a Sexually Dangerous Person Is a Collateral Consequence of Pleading Guilty</u>

   Although the court is not deciding Davis's Petition on the merits, the court notes that, in any event, Davis's habeas claim does not appear to be meritorious. Under First Circuit precedent, the possibility of being civilly committed as a sexually dangerous person is considered a collateral, not a direct, consequence of

13

pleading guilty.  See Steele v. Murphy, 365 F.3d 14, 16-17 (1st Cir. 2004).  The court is only required to advise a defendant of the direct consequences of his guilty plea.  See Brady v. United States, 397 U.S. 742, 748 (1970) (defendant need only be "fully aware of the direct consequences" of guilty plea); Steele, 365 F.3d at 17 (same).  Accordingly, even assuming that Davis was not informed that as a result of his plea he might later be committed as a sexually dangerous person, this was not "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. §2254(d)(1); see Brady, 397 U.S. at 748; Steele, 365 F.3d at 16-17.

IV. ORDER

Accordingly, it is hereby ORDERED that Respondent's Motion to Dismiss (Docket No. 8) is ALLOWED and this case is DISMISSED.


                                    /s/ Mark L. Wolf
                              United States District Judge